LEWIS C. MARQUIS, APPELLANT, V. TRI-STATE LAND COMPANY ET AL., APPELLEES.

FILED OCTOBER 18, 1906.  No. 14,358.

1. **Sales:** FRAUD: RESCISSION. Relief or redress will not be granted, either by way of rescission or by way of damages, at law or in equity, if it clearly appears that the party complaining has not sustained any pecuniary damages, nor been otherwise put in any worse position than he would have occupied if there had been no fraud.

2. **Petition** examined, and *held* obnoxious to a demurrer *ore tenus*.

26

APPEAL from the district court for Scott's Bluff county. HANSON M. GRIMES, JUDGE. *Affirmed.*

*Gardner & White,* for appellant.

*Wright & Wright, W. A. Dilworth* and *J. E. Kelby, contra.*

OLDHAM, C.

This was an action for the rescission of a contract of sale of six shares of stock in the Winters Creek Irrigation Company, a corporation doing business in Scott's Bluff county, Nebraska, coupled with an application for an injunction to restrain the transfer of the stock on the books of the company. The material allegations of the petition, for which equitable relief is prayed, are that, at and before the sale of the shares of stock to the defendants, plaintiff was the owner of a large tract of land in Scott's Bluff county, on which he resided, and which was irrigated from the waters of the Winters Creek Irrigation Company's ditches; that the shares of stock owned by him were of the par value of $100 a share; that by reason of plaintiff being a stockholder in the irrigation company, he was enabled to assist in fixing rates for water rent to be charged by the company, and by having such rates made very low and reasonable the price of the lands owned by plaintiff and irrigated from the ditches was considerably enhanced; that for this reason his six shares of stock were of a peculiar value to him much in excess of their par value; that the defendants Leavitt and Frank, as agents and managing officers of the Tri-State Land Company, for the purpose of cheating and defrauding plaintiff in the purchase of his shares of stock, falsely represented to him that they had purchased, and owned and controlled, a majority of the shares of the capital stock of the irrigating company, and for this reason could and would control and fix the water rent to be charged by

the company, but that, notwithstanding this fact, they would pay plaintiff $700 for his six shares of stock; that the defendant Tri-State Land Company owned but a small tract of land under the ditches, and that its interest in the company would be to advance the water rent on lands irrigated under it; that if in fact the defendants had controlled a majority of the stock, plaintiff's six shares would have been of but little value and not worth to exceed $700; that plaintiff, believing and relying on the above representations, sold and assigned the stock in controversy to the Tri-State Land Company for the sum of $750, receiving in payment thereof a check on the Nebraska National Bank of Omaha; that it was specially agreed at the time of the sale that, if the defendants did not control a majority of the stock, they would redeliver the six shares of stock to the plaintiff for the amount paid for the same; that, as a matter of fact, the defendants did not own and control a majority of the shares of capital stock of the corporation; and that, when plaintiff learned such fact, he tendered back the amount of the purchase price received and demanded a redelivery of the stock. The prayer of the petition was for a rescission of the contract, and an injunction restraining the transfer of the stock on the books of the company from the plaintiff to the Tri-State Land Company. The court below sustained an objection to any testimony under the pleadings and dismissed the action. To reverse this judgment plaintiff appeals to this court.

The sole question involved is, does the petition, liberally construed, state a cause which entitles plaintiff to a recission of his contract? The theory on which plaintiff alleges a peculiar value to him in his six shares of stock in the irrigating company is that he owns a very large tract of land which is under the ditches of the company, and that his being a stockholder in the company gave him a voice in keeping down the price of water for irrigating purposes, that is, that it enabled him to enhance the value of his land at the expense of the ditch company.

The next proposition alleged is that the defendants own little land under the ditches; and that, if they control the management of the company, they will raise the price of rents for the purpose of enhancing the value of the stock of the irrigating company; and that, if defendants control the ditch, plaintiff's shares of stock would not be worth to exceed $700. There is no allegation in the petition as to how many shares of stock defendants did own, or how many shares of stock were issued by the irrigation company, but the mere conclusion that defendants did not own a majority of the stock is set forth in the petition, as well as the allegation that defendants promised that plaintiff might rescind if they did not get a majority of all the stock. There is no allegation that plaintiff did not have access to the books of the company to ascertain the number of shares of stock owned by the defendants when he sold his own shares, and there is no allegation that plaintiff was unable to purchase other shares of stock for the same price that he received for his own.

The only theory on which plaintiff's stock was of special value to him was for the purpose of preventing defendants from controlling the affairs of the company and increasing the rent charged for water on the lands under the ditch. And if, as alleged in the petition, the defendants do not control a majority of the stock, then none other than a mere theoretical injury resulted to plaintiff from the sale of his shares of stock to the defendants.

In the recent case of *Jakway v. Proudfit*, 76 Neb. 62, we had occasion to examine into the nature and character of false representations which would authorize a rescission of a contract and we there quoted with approval the rule announced in 14 Am. & Eng. Ency. Law (2d ed.), p. 140, in which it is said: "Relief or redress will not be granted, either by way of rescission or by way of damages, at law or in equity, if it clearly appears that the party complaining has not sustained any pecuniary damages, nor been otherwise put in any worse position than he would have occupied if there had been no fraud."

We therefore conclude that the learned trial court was fully justified in holding plaintiff's petition obnoxious to a demurrer *ore tenus,* and we recommend that the judgment be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.